**Amina FAROOQ, Personal Representative of the Estate of Nadir Farooq, Deceased, Appellant**

v.

**MDRB, CORPORATION, Doing Business as Ramada Inn Hotel, et al., Appellees.**

No. 07–7131.

United States Court of Appeals, District of Columbia Circuit.

April 9, 2008.

Gregory L. Lattimer, Law Offices of Gregory L. Lattimer, PLLC, Washington, DC, for Appellant.

Paul A. Fitzsimmons, Saul Ewing, LLP, Thomas S. Schaufelberger, Wright, Robinson, Osthimer & Tatum, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, and TATEL and GARLAND, Circuit Judges.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

**12**

ORDERED AND ADJUDGED that the order of the district court in *Farooq ex rel. Estate of Farooq v. MDRB Corp.*, 498 F.Supp.2d 284 (D.D.C.2007), be affirmed. Seeking to recover in negligence for her son's death at a hotel party, plaintiff Amina Farooq appeals a district court decision granting summary judgment to defendant MDRB Corp. based on plaintiff's failure to designate an expert witness to define the standard of care. Under District of Columbia law, which governs this diversity action, plaintiffs must submit expert testimony on the standard of care when alleging negligent "crowd control" in large gatherings, *Hill v. Metropolitan African Methodist Episcopal Church*, 779 A.2d 906, 910 (D.C.2001), or negligent "hiring, training, and supervision of ... security personnel," *Predzin v. DC Arena Ltd. P'ship*, No. 02CA 9582, at 5 (D.C.Super.Ct. Oct. 7, 2003). Because plaintiff concedes that she designated no expert, because this case involves crowd control and the supervision of security personnel, and because under D.C. law summary judgment for defendant is proper when plaintiff fails to designate an expert, *see Hill*, 779 A.2d at 910, we affirm.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.